IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JOHN W. PEROTTI, AND PATRICK : 
J. ROSELLI, :
       Plaintiffs :
    v. : CIVIL NO. 3:CV-12-1860
      :
UNITED STATES OF AMERICA, : (Judge Conaboy)
ET AL., :
       Defendants :

## MEMORANDUM
### Background

    This combined pro se Bivens-type civil rights and Federal Tort Claims Act (FTCA) action was filed by John W. Perotti an inmate presently confined at the Federal Correctional Institution, Greenville, Illinois, (FCI-Greenville) and Patrick J. Roselli, a former federal inmate presently residing in Coconut Creek Florida.

    By Memorandum and Order dated March 9, 2015, the claims against USP-Florence Defendants Daniels, Johnson, Allred, Andreis, Serby, Collins, and Cink and FTCA claims relating to that facility were transferred to the United States District Court for the District of Colorado. See Doc. 106. Second, The claims against FCI-Florence Defendants Cozza-Rhodes, Wands, Tucker, Young, Bond, Martin, Klein, Hill, Quintana, Maditch, Sutton and Chapman and any FTCA claims relating to that facility were similarly transferred to the United States District Court for District of Colorado.

1

Third, Plaintiffs' Claims against USP-Terre Haute Defendant Gary Ulrich and any FTCA claims relating to that facility were transferred to the United States District Court for the Southern District of Indiana. Finally, Plaintiffs were directed to file an amended complaint in this Court solely regarding their surviving claims against the USP-Canaan Individual Defendants and any FTCA claims relating to that facility which did not exceed twenty-five (25) pages in length.

The Plaintiffs thereafter filed an amended complaint. See Doc. 112. Named as Defendants therein are the United States of America (for purposes of the FTCA claim) and the following employees of the Canaan United States Penitentiary, Waymart Pennsylvania (USP-Canaan): Warden David Ebbert, Mail Room Supervisor P. Trently, and Doctor Walter Dobushek.

The FTCA portion of Plaintiffs' action maintains that alleged interference by the USP-Cannan staff with Plaintiff Perotti's incoming and outgoing mail constituted negligence and intentional tortious behavior. Plaintiffs allege that the purported conduct of the Defendants interfered with their ability to litigate this action as will as other cases. A second FTCA claim asserts that Inmate Perotti received negligent medical care with respect to his need for pain management following his surgery for a broken wrist. See Doc. 112, p. 7. It is also alleged that the Plaintiffs were prevented from corresponding with one another and that USP-Canaan officials improperly confiscated items of Perotti's personal property.

2

Presently pending is Defendant United States of America's motion for summary judgment. See Doc. 115. The opposed motion is ripe for consideration.

## Discussion

### Motion to Dismiss

Moving Defendant's pending dispositive motion is supported by evidentiary materials outside the pleadings. Federal Rule of Civil Procedure 12(d) provides in part as follows:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(b)(d).

This Court will not exclude the evidentiary materials accompanying the Moving Defendant's motion. Thus, their motion will be treated as solely seeking summary judgment. See Latham v. United States, 306 Fed. Appx. 716, 718 (3d Cir. 2009)(when a motion to dismiss has been framed alternatively as a motion for summary judgment such as in the present case, the alternative filing "is sufficient to place the parties on notice that summary judgment might be entered.

### Summary Judgment

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the

3

movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); See also Saldana v. Kmart Corp., 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. Id. at 248. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. Saldana, 260 F.3d at 232; see also Reeder v. Sybron Transition Corp., 142 F.R.D. 607, 609 (M.D. Pa. 1992). Unsubstantiated arguments made in briefs are not considered evidence of asserted facts. Versarge v. Township of Clinton, 984 F.2d 1359, 1370 (3d Cir. 1993).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. (internal quotations omitted); see also Saldana, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at

trial." Celotex, 477 U.S. at 322-23. "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" Saldana, 260 F.3d at 232 (quoting Williams v. Borough of West Chester, 891 F.2d 458, 460-61 (3d Cir. 1989)).

**Medical Care**

Moving Defendant initially argues that Plaintiff filed this action before exhausting an administrative tort claim regarding his medical care at USP-Canaan. See Doc. 117, p. 1. As such, it is asserted that the FTCA claims pertaining to Perotti's medical care at USP-Canaan should be dismissed on the basis of non-exhaustion.

An action filed pursuant to the FTCA must first be submitted in writing to the appropriate federal agency as an administrative tort claim. See 28 U.S.C. § 2675. It has been recognized that although an administrative tort claim does not need to include "every possible theory of liability" a plaintiff cannot present one claim to an agency and then initiate suit based on a different set of facts. Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003).

Attached to the Amended Complaint is a copy of a July 31, 2012 administrative tort claim (TRT-NER-2012-5251)for an alleged personal injury and property loss suffered by Perotti at USP-Canaan. See Doc. 112, p. 26. Also accompanying the Amended Complaint is a September 25, 2012 denial (TRT-NER-2012-4730) of an administrative tort claim alleging that Perotti was denied medical treatment on January 30, 2012. See id. at p. 27. Plaintiff

5

Perotti filed a third FTC administrative tort claim (TRT-NER-5788) which was denied on September 4, 2012. See id. at p. 28. He has also attached two denials of an administrative tort claim for property damage both dated April 26, 2012 (TRT-NCR-12-2101 & TRT-NCR-12-1912). See id. at p. 52 & 53.

Under the standards announced in Houston v. Lack, 487 U.S. 266 (1988), this action will be deemed filed as of August 30, 2012. The date appearing on the cover letter accompanying the Original Complaint. See Doc. 1, p. 8. It is equally undisputed that Plaintiff underwent wrist surgery at USP-Canaan on May 21, 2012.

Plaintiff's submission of administrative denial dated September 25, 2012 (after the filing of this action) does not establish that a medical treatment related FTCA claim was exhausted prior to the filing of this action.

Second, since Plaintiff Perotti's wrist surgery took place on May 21, 2012, submission of a pre-surgery administrative denial of FTCA filing dated January 30, 2012 does not support a determination that there was an exhaustion of an FTCA claim regarding denial of post surgery pain management.

The Moving Defendant notes that administrative tort claim TRT-NER-2012-5251 which was denied July 31, 2012 concerned correspondence between the two Plaintiffs and as such is irrelevant to the issued of exhaustion of a medical related tort claim by Perotti. Similarly, administrative tort claim TRT-NER-5788 denied on September 4, 2012 concerned loss of mailed legal materials.

Since Perotti did not receive a final administrative denial of an administrative tort claim from the BOP regarding his medical care at USP-Canaan before commencing this action this Court agrees that there was failure by Plaintiffs to comply with the exhaustion requirement.

Summary judgment will be granted in favor the Moving Defendant with respect to the FTCA claim of denial of medical care to Plaintiff Perotti.

**Mail Interference**

The FTCA provides a remedy in damages for the simple negligence of employees of the United States. See United States v. Muniz, 374 U.S. 150, 150 (1963). A plaintiff pursuing an FTCA claim must show: (1) that a duty was owed to him by a defendant; (2) a negligent breach of said duty; and (3) that the negligent breach was the proximate cause of the plaintiff's injury/loss. Mahler v. United States, 196 F. Supp. 362, 364 (W.D. Pa. 1961).[1]

Under the FTCA, sovereign immunity is waived against persons suing the federal government for the commission of various torts. See Simon v. United States, 341 F. 3d 193, 200 (3d Cir. 2003). The only proper Defendant for purposes of an FTCA claim is the United States of America. See 28 U.S.C. § 2679(d).

The Moving Defendant correctly notes that the FTCA portion of Plaintiff's action in part seeks relief on the grounds that USP-

---

1. Except for limited circumstances, an FTCA claim in federal court is limited to recovery of the sum certain amount requested in the underlying administrative claim. See McMichael v. United States, 856 F.2d 1026, 1035 (8th Cir. 1988).

7

Canaan officials interfered with Petrotti's outgoing and incoming mail. Since the FTCA, specifically, 28 U.S.C. § 2680(B), does not permit claims arising out of the loss, miscarriage of or negligent transmission of letters or postal, it is alleged that the FTCA claim pertaining to mail interference is barred by the doctrine of sovereign immunity. See Doc. 117, p. 7.

This Court agrees that the doctrine of sovereign immunity bars an FTCA Claim regarding the loss or confiscation of prison mail. See Maddox v. United States, No. 10-3457, 2012 WL 1033580 * 3 (D. N.J March 27, 2012); Aliotta v. United States, No. 07-108, 2008 WL 2037748 *4 (W.D. Pa. May 9, 2008). Accordingly, entry of summary judgment is appropriate with respect to the FTCA mail interference claim.

**Property Loss**

As discussed earlier. Under the FTCA, the United States waives sovereign immunity for torts involving "injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." See Simon v. United States, 341 F. 3d 193, 200 (3d Cir. 2003). As the Moving Defendant argues, however, exempted from the general waiver of sovereign immunity is "[a]ny claim arising in respect of the . . . detention of any . . . property by . . . any . . . law-enforcement officer." 28 U.S.C. § 2680(c).

8

In Ali v. BOP, 552 U.S. 214, 128 S.Ct. 831, 840-41 (2008), the Supreme Court addressed an FTCA claim filed by a federal prisoner who claimed that BOP officers had lost his personal property during his transfer to another prison. The Court stated that "Section 2680(c) forecloses lawsuit against the United States for the unlawful detention of property by 'any,' not just 'some' law enforcement officers." Id. at 841. Based upon the reasoning announced in Ali, federal corrections officers are covered by the term any law enforcement officer as used in § 2680(c), thus precluding FTCA claims based upon a claim that federal correctional officers caused the loss of an inmate's property.

Since the decision in Ali, loss of property claims similar to those presented by Perotti have been dismissed. See, e.g., Jerbil v. Federal Bureau of Prisons, Civil Action No. 08-CV-10159, 2008 WL 2788541 * 1 (E.D. Mich. July 16, 2008)(FTCA claim for loss of property which occurred while in federal prison precluded by § 2680(c)); Wadley v. Warden, Civil Action No. 7:08-cv-00362, 2008 WL 2455445 (W.D. Va. June 16, 2008)(since prison officials are law enforcement officers under § 2680(c), claims based upon detention of a prisoner's property, whether wrongful or negligent, are barred by sovereign immunity).

Whether the purported loss of Inmate Perotti's personal property was negligent or otherwise wrongful, an FTCA claim concerning the loss of property is barred under § 2680(c). Defendant United States of America's motion for summary judgment

will be granted. An appropriate Order will enter.

                                         /s/ Richard P. Conaboy
                                     RICHARD P. CONABOY
                                     United States District Judge

DATED: MARCH    , 2016