IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


JOHN W. PEROTTI, AND PATRICK      :
J. ROSELLI,                       :
                                  :
          Plaintiffs              :
                                  :
      v.                          :     CIVIL NO. 3:CV-12-1860
                                  :
UNITED STATES OF AMERICA,         :     (Judge Conaboy)
ET AL.,                           :
          Defendants              :

_____

**MEMORANDUM**
**Background**

        John W. Perotti an inmate presently confined at the Federal

Correctional Institution, Greenville, Illinois, (FCI-Greenville)

and Patrick J. Roselli, a former federal inmate presently residing

in Coconut Creek Florida initiated this combined pro se Bivens[1]-

type civil rights and Federal Tort Claims Act (FTCA) action.

Remaining Defendants are the following employees of the Canaan

United States Penitentiary, Waymart Pennsylvania (USP-Canaan):

Warden David Ebbert, Mail Room Supervisor P. Trently, and Doctor

Walter Dobushak.

        By Memorandum and Order dated March 9, 2015, the claims

_____

1.  Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,
403 U.S. 388 (1971). Bivens stands for the proposition that "a
citizen suffering a compensable injury to a constitutionally
protected interest could invoke the general federal question
jurisdiction of the district court to obtain an award of monetary
damages against the responsible federal official." Butz v.
Economou, 438 U.S. 478, 504 (1978).

against USP-Florence Defendants Daniels, Johnson, Allred, Andreis, Serby, Collins, and Cink and FTCA claims relating to that facility were transferred to the United States District Court for the District of Colorado.  See Doc. 106.  The claims against FCI-Florence Defendants Cozza-Rhodes, Wands, Tucker, Young, Bond, Martin, Klein, Hill, Quintana, Maditch, Sutton and Chapman and any FTCA claims relating to that facility were similarly transferred to the United States District Court for District of Colorado. The claims against USP-Terre Haute Defendant Gary Ulrich and any requests for relief under the FTCA  relating to that facility were transferred to the United States District Court for the Southern District of Indiana.

The Memorandum and Order also directed Plaintiffs to file an amended complaint in this Court limited to their surviving allegations against the USP-Canaan individual Defendants and any FTCA claims relating to that facility.  Plaintiffs thereafter filed an amended complaint.  See Doc. 112.

By Memorandum and Order dated March 2, 2016,  Defendant United States of America's motion for summary judgment was granted for purposes of the FTCA portion of the Amended Complaint.  See Doc. 126.  Presently pending is Remaining Defendants' motion to dismiss or in the alternative for summary judgment with respect to the surviving Bivens portion of the Amended Complaint.  The opposed motion (Doc. 114) is ripe for consideration.

According to the Amended Complaint, Perotti was formerly confined at USP-Canaan.  Although Roselli is a former federal

2

inmate, there is no assertion that he was ever incarcerated at USP-Canaan.  However, the Plaintiffs were apparently confined together at USP-Floence.

On approximately five occasions between March-July, 2012 while Perotti was incarcerated at USP-Canaan, documents pertaining to litigation involving both Plaintiffs was allegedly confiscated as contraband or returned to the sender by Defendants Eggert and Trently.  See Doc. 112, p. 3.  The Amended Complaint explains that Plaintiffs were incarcerated at different correctional facilities at the time and as such were prohibited from corresponding or exchanging legal documents with one another.  As a result of the purportedly improper and intentional mail interference at USP-Canaan, the Plaintiffs suffered "loss of said litigations."  Id. It is further asserted that Defendant Ebbert "later sanctioned" that misconduct.  Id.

The next portion of the Amended Complaint maintains that Perotti was denied needed pain medication while confined at USP-Canaan.  It is asserted that said Plaintiff suffers from numerous medical problems dating back to the 1960s for which he was previously prescribed pain medication.[2]  He asserts that Doctor Dobusheck refuse to prescribed recommended pain medication, opting to provide the prison with non-narcotic pain medication.  Perotti's

---

2.  Perotti elaborates that he has suffered from a variety of medical problems including injuries sustained as a result of three gunshot wounds; two heart attacks; herniated discs; medial and lateral meniscus tears in both knees; post traumatic stress disorder; anxiety; depression; Hepatitis C and high blood pressure.

final contention is that there was unwarranted delay before he was seen by a specialist for complications from a broken arm he suffered at another federal correctional facility.  Plaintiffs seek compensatory and punitive damages as well as injunctive and declaratory relief.

## Discussion

### Motion to Dismiss

Remaining Defendants' pending dispositive motion is supported by evidentiary materials outside the pleadings.  Federal Rule of Civil Procedure 12(d) provides in part as follows:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(b)(d).

This Court will not exclude the evidentiary materials accompanying Remaining Defendants' motion.  Thus, it will be construed as solely seeking summary judgment.  See Latham v. United States, 306 Fed. Appx. 716, 718 (3d Cir. 2009)(when a motion to dismiss has been framed alternatively as a motion for summary judgment such as in the present case, the alternative filing "is sufficient to place the parties on notice that summary judgment might be entered.

### Summary Judgment

Summary judgment is proper if "the pleadings, the discovery

4

and disclosure materials on file, and any affidavits show that
there is no genuine issue as to any material fact and that the
movant is entitled to a judgment as a matter of law." Fed. R. Civ.
P. 56(c); See also Saldana v. Kmart Corp., 260 F.3d 228, 231-32 (3d
Cir. 2001). A factual dispute is "material" if it might affect the
outcome of the suit under the applicable law. Anderson v. Liberty
Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is
"genuine" only if there is a sufficient evidentiary basis that
would allow a reasonable fact-finder to return a verdict for the
non-moving party. Id. at 248. The court must resolve all doubts
as to the existence of a genuine issue of material fact in favor of
the non-moving party. Saldana, 260 F.3d at 232; see also Reeder v.
Sybron Transition Corp., 142 F.R.D. 607, 609 (M.D. Pa. 1992).
Unsubstantiated arguments made in briefs are not considered
evidence of asserted facts. Versarge v. Township of Clinton, 984
F.2d 1359, 1370 (3d Cir. 1993).

Once the moving party has shown that there is an absence of
evidence to support the claims of the non-moving party, the non-
moving party may not simply sit back and rest on the allegations in
its complaint. See Celotex Corp. v. Catrett, 477 U.S. 317, 324
(1986). Instead, it must "go beyond the pleadings and by [its] own
affidavits, or by the depositions, answers to interrogatories, and
admissions on file, designate specific facts showing that there is
a genuine issue for trial." Id. (internal quotations omitted); see
also Saldana, 260 F.3d at 232 (citations omitted). Summary
judgment should be granted where a party "fails to make a showing

5

sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." Celotex, 477 U.S. at 322-23. "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" Saldana, 260 F.3d at 232 (quoting Williams v. Borough of West Chester, 891 F.2d 458, 460-61 (3d Cir. 1989)).

**Respondeat Superior**

Remaining Defendants' initial argument contends that Warden Ebbert is entitled to entry of summary judgment because the claims against him are entirely premised on a theory of respondeat superior. See Doc. 116, p. 12.

A plaintiff, in order to state an actionable civil rights claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Federal civil rights claims brought cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See

6

Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976).  As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.  Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

Inmates also do not have a constitutional right to a prison grievance system.  See Jones v. North Carolina Prisoners Labor Union, 433 U.S. 119, 137-138 (1977); Speight v. Sims, No. 08-2038, 2008 WL 2600723 at *1 (3d. Cir. Jun 30, 2008)(citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001)("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner.") Consequently, any attempt by Plaintiff to establish liability against the Warden solely based upon the substance or lack of response to his institutional grievances does not by itself support a constitutional due process claim.  See also Alexander v. Gennarini, 144 Fed. Appx. 924, 925 (3d Cir. 2005)(involvement in post-incident grievance process not a basis for § 1983 liability); Pryor-El v. Kelly, 892 F. Supp. 261, 275 (D. D.C. 1995) (because prison grievance procedure does not confer any substantive constitutional rights upon prison inmates, the prison officials' failure to comply with grievance procedure is not actionable).

A review of the Amended Complaint shows that besides listing Warden Ebbert as a Defendant it asserts only that the Warden "later

7

sanctioned" the alleged mail interference by Defendant Trently. Doc. 112, p. 3.  In addition, Plaintiffs generally claim that Ebbert "acquiesced" in Trently's alleged interference with their litigation efforts.  Id.

There are no facts allege which could support a claim that Ebbert was personally involved in any alleged interference with Perotti's mail or in his medical treatment.  Despite affording liberal consideration to the Amended Complaint, it is apparent that Plaintiffs are attempting to establish liability against Warden Ebbert based upon either his supervisory capacity within the prison or based upon his involvement in the handling of Plaintiff post incident administrative grievances and appeals.  Pursuant to the above discussion, either approach is insufficient for the purpose of establishing liability under § 1983.  Warden Ebbert's request for entry of summary judgment will be granted.

**Access to the Courts**

Remaining Defendants' second argument asserts that the denial of access to the courts claims against Mail Room Supervisor Trently should not be allowed to proceed because Plaintiffs have not adequately alleged that the Defendant's action caused them to suffer any injury to a non-frivolous litigation effort.[3]  See Doc. 116, p. 14.  In addition, there is no basis for relief as Plaintiffs' correspondence was processed in accordance with DOC policy.

------

3.  Plaintiff contends that the alleged interference only concerned with respect to his mail to and from Inmate Roselli.

Prisoners enjoy a constitutional right of meaningful access to the law libraries, legal materials, or legal services. Bounds v. Smith, 430 U.S. 817, 821-25 (1977). Inmates have a right to send and receive legal mail which is uncontroverted and implicates both First and Sixth Amendment concerns, through the right to petition the government and the right of access to the courts. "When legal mail is read by prison employees, the risk is of a 'chill,' rendering the prisoner unwilling or unable to raise substantial legal issues critical of the prison or prison employees." Proudfoot v. Williams, 803 F. Supp. 1048, 1052 (E.D. Pa. 1992).

The United States Supreme Court in Lewis v. Casey, 518 U.S. 343, 351-54 (1996), clarified that an inmate plaintiff, in order to set forth a viable claim under Bounds, must demonstrate that a non-frivolous legal claim had been frustrated or was being impeded. A plaintiff must also allege an actual injury to his litigation efforts. Under the standards mandated by Lewis, in order for an inmate to state a claim for interference with his legal work, he must demonstrate that he has suffered actual injury. See Oliver v. Fauver, 118 F.3d 175, 177-78 (3d Cir. 1997)(concluding that Lewis effectively requires a showing of actual injury where interference with legal mail is alleged).

Plaintiffs vaguely allege that Trently interrupted correspondence between them which contained documents regarding "various litigations" which they were jointly pursuing. Doc. 12, p. 3. As a result, they purportedly suffered loss of said litigations

and or irreparable harm.  The documents were either confiscated or
returned to the sender.  The Plaintiffs generally describe their
injury as "loss of habeas corpus proceedings, administrative
remedy's [sic]  and disciplinary appeals of both plaintiffs." Id.

There is no claim that Defendant Trently interfered with any
correspondence between Perotti and any court or administrative
tribunal.  Rather, this matter only concerns correspondence between
the two Plaintiffs and other third parties.

Perotti indicates that he was assisting Roselli in
litigation filed in the United States District Court for the
District of Colorado.  With respect to that proceeding two
documents mailed from Perotti to Roseeli, who was then incarcerated
were returned.

Perotti is not a lawyer. Furthermore, federal courts have
upheld correctional policies barring inmates in different prisons
from corresponding with each other on the grounds that such
policies are reasonably related to legitimate security interests.
Turner v. Safley, 482 U.S. 78, 91 (1987);  Farrell v. Peters, 951
F.2d 862, 863 (7th Cir. 1992)(recognizing the potential dangers from
correspondence between inmates).  Moreover, although inmates who
are co-plaintiffs in a lawsuit may be granted approval to
correspond with one another under BOP regulations, the Remaining
Defendants note that Perotti and Roselli had not received such
approval prior to the alleged incidents of mail interference of

10

March 13, 2012 and May 10, 2012.  Thereafter, the Plaintiffs did obtain approval to correspond with one another.[4]

Based upon a review of the undisputed record, Plaintiffs have not demonstrated that the alleged interference by prison officials cause them to suffer any actual adverse determination with respect to a non-frivolous claim which they were litigating on either the federal, state or administrative level.  In fact Plaintiffs indicates that the documents at issue "had already been filed with the court."  Doc. 123, p. 3.  Moreover, the Remaining Defendants have provide court record showing that habeas corpus petitions filed by Roselli were dismissed "without prejudice" for failure to exhaust. Doc. 124, p. 13.  Thus, once the Plaintiffs acquired the required BOP approval to correspond with one another those matters could have been refiled.

Since there is no indication that Plaintiffs suffered any actual injury with respect to the allegations of denial of access to the courts which are pending before this Court, under the standards announced in <u>Lewis</u>, the request for entry of summary judgement as to Plaintiffs' claim of denial of access to the courts against Defendant Trently will be granted.

**Medical Care**

Plaintiff Perotti raises two claims of deliberate indifference.  First, he contends that Doctor Dobushak acted

---

4.  Moreover, any attempt by Plaintiff's to circumvent the BOP's inmate to inmate correspondence policy by channeling mail through third parties would likewise be a proper basis for rejection of mail by prison officials.

improperly by not prescribing him with specific pain medication such as Percocet and Oxycodone.  Second it is asserted that Perotti arrived at USP-Canaan with a a broken arm which had not healed properly and that there was a delay in treatment for that problem.

Remaining Defendants contend that Doctor Dobushak's decision to provide Plaintiff with non-narcotic pain medication, even if deemed a conservative approach, does not constitute deliberate indifference.  Second, they contend that there are no assertions set forth in the Amended Complaint showing that Defendant Dobushak was personally involved in any delay of treatment for Plaintiff's broken arm.

The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97 (1976)).  In order to establish an Eighth Amendment medical claim, an inmate must allege acts or omissions by prison officials sufficiently harmful to evidence deliberate indifference to a serious medical need.  See Spruill v. Gillis, 372 F.3d 218, 235 - 36 (3d Cir. 2004); Natale v. Camden Cty. Correctional Facility, 318 F.3d 575, 582 (3d Cir.  2003).  In the context of medical care, the relevant inquiry is whether the defendant was: (1) deliberately indifferent (the subjective component) to (2) the plaintiff's serious medical needs (the objective component).  Monmouth Cty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987); West v. Keve, 571 F.2d 158, 161 (3d Cir. 1979).

12

A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Mines v. Levi, 2009 WL 839011 *7 (E.D. Pa. March 26, 2009)(quoting Colburn, 946 F.2d at 1023); Monmouth Cty. Corr. Inst. Inmates, 834 F.2d at 347. "[I]f   unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the Eighth Amendment." Young v. Kazmerski, 266 Fed. Appx. 191, 193 (3d Cir. 2008)(quoting Monmouth Cty. Corr. Inst. Inmates, 834 F.2d at 347).

Remaining Defendants do not raise an argument that the serious medical need requirement has not been satisfied.  Based upon Perotti's description of his multiple medical problems in the Amended Complaint, this Court is satisfied that the serious medical need requirement has been satisfied in this matter.

The Supreme Court has established that the proper analysis for deliberate indifference is whether a prison official "acted or failed to act despite his knowledge of a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 841 (1994).  A complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment [as] medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.  When a prisoner has actually been provided with

13

medical treatment, one cannot always conclude that, if such treatment was inadequate, it was no more than mere negligence. See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993).  It is true, however, that if inadequate treatment results simply from an error in medical judgment, there is no constitutional violation.  See id. However, where a failure or delay in providing prescribed treatment is deliberate and motivated by non-medical factors, a constitutional claim may be presented.  See id.; Ordonez v. Yost, 289 Fed. Appx. 553, 555 (3d Cir. 2008)("deliberate indifference is proven if necessary medical treatment is delayed for non-medical reasons.")

Perotti states that he broke his arm on September 10, 2011 while incarcerated at USP-Florence and was not taken to see an orthopedic specialist until May 23, 2012.  See Doc. 123, p. 9.

Based upon a review of the undisputed record, Plaintiff Perotti did not arrive at USP-Canaan until January 30, 2012, more then four (4) months after he broke his wrist.  Perotti  was given a wrist x-ray on February 3, 2012 and evaluated by an orthopedic surgeon, Doctor Morgerman on March 3, 2012.  He also had an MRI on April 26, 2012. Perotti underwent surgery to repair his right wrist/arm on May 21, 2012.

Based upon a review of the Amended Complaint there are no factual assertions set forth showing that Doctor Dobushak has any personal involvements in any delays in treatment of Plaintiff's wrist condition.  Moreover, the record shows that Perotti's condition was addressed in a timely manner following his arrival at

14

USP-Canaan and there is no evidence of any excessive delay in treatment.  Summary judgment will be granted in favor of Doctor Dobushak with respect to this claim.

With respect to the remaining contention of deliberate indifference, the Amended Complaint contends that after arriving at USP-Canaan, Perotti told multiple members of the prison medical staff including the prison dentist that he was in pain due to his fractured arm, bad back, and knee problems.  See Doc. 112, p. 6. He contends that some of the physicians who treated him both before and after his arrival at USP-Canaan recommended that he be prescribed certain pain medication.  However, Doctor Dobushak purportedly elected to prescribe other pain medication which was not effective.  Perotti asserts that Dobushak's actions constitute deliberate indifference.

Following his arrival at USP-Canaan Perotti was prescribed multiple different pain medications.  He was temporarily given Oxycodone and Percocet post surgery. The inmate also asserted that he was allergic to two other pain medications which he was prescribed (Salsalate and Meloxicam).  Remaining Defendants also note that Plaintiff was suspected of cheeking his medication and often requested stronger pain medication from various members of the prison medical staff.

Perotti was also seen by a pain specialist, Doctor Singh, who also prescribed non-narcotic pain medication.  The inmate was also provided with orthopedic shoes, a sleep apnea evaluation, an optometry examination, and was assigned to the chronic care clinic.

15

This claim boils down to Perotti's disagreement with an assessment by Doctor Dobushak that non-narcotic pain medication was warranted for said Plaintiff's care.

A prisoner's disagreement with "evaluations and opinions regarding him" are insufficient to set forth an actionable constitutional claim. Paine v. Baker, 595 F.2d 197, 201 (4th Cir. 1979).  Accordingly, since the undisputed record shows that Perotti has been provided with ongoing treatment (including x-rays, MRI, wrist surgery, consultation with a pain management specialist, and multiple pain medications) and that his claims are solely premised upon his disagreement with a medical determination by Dobushak that non-narcotic pain medication was appropriate for his care, a viable deliberate indifference claim has not been stated under Estelle. Summary judgment will be granted in favor of Remaining Defendant Doctor Dobushak.  An appropriate Order will enter.[5]

S/Richard P. Conaboy   _____
RICHARD P. CONABOY
United States District Judge

DATED: MARCH 15, 2016

---

5.  Based upon the Court's determinations herein, a discussion of the qualified immunity argument is not necessary.

16